UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

                       Plaintiff,

       v.

TY TRENARY, *et al*.,

                  Defendants.

Case No. C17-1024-JCC-MAT

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for reconsideration of this Court's prior Order denying his application for court-appointed counsel. The Court, having considered plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

      (1)     Plaintiff's motion for reconsideration (Dkt. 16) is DENIED. Plaintiff seeks reconsideration of this Court's July 21, 2017 Order denying his application for court-appointed counsel. (Dkt. 7.) The Court denied plaintiff's application upon concluding that plaintiff had not demonstrated that his case involved exceptional circumstances which would warrant the appointment of counsel. (*Id*.) The Court noted, in particular, that plaintiff had demonstrated ample ability to articulate his claims *pro se*, and that the record was not yet sufficiently developed for the

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 1

1  Court to make a determination as to plaintiff's likelihood of success on the merits of his case. (*See*

2  Dkt. 7 at 2.)

3      Plaintiff suggests in his motion for reconsideration that this Court did not assess his case

4  as thoroughly as it should have before denying his request for counsel. (*See* Dkt. 16 at 1.)  He

5  maintains that this action is legally and factually complex, that litigating this action from the

6  confines of a correctional facility is difficult because of limits on law library access and risks

7  associated with attempting to obtain discovery from facility employees, and that he lacks adequate

8  knowledge of legal processes and procedures necessary to effectively litigate this action. (*See id*.

9  at 1-2.)

10      Pursuant to LCR 7(h)(2), a motion for reconsideration must be filed within fourteen days

11  after the order to which it relates is filed.  As noted above, this Court's Order denying plaintiff's

12  application for court-appointed counsel was issued on July 21, 2017. (*See* Dkt. 7.)  Plaintiff did

13  not sign his motion for reconsideration until August 16, 2017, and the Court did not receive the

14  motion for filing until August 18, 2017.  It is therefore clear that plaintiff's motion for

15  reconsideration is untimely.

16      Even if plaintiff's motion had been timely filed, plaintiff has not shown that he is entitled

17  to the relief he seeks.  LCR 7(h)(1) makes clear that the court will ordinarily deny motions for

18  reconsideration "in the absence of a showing of manifest error in the prior ruling or a showing of

19  new facts or legal authority which could not have been brought to its attention earlier with

20  reasonable diligence."  Plaintiff has not demonstrated any error in the Court's prior ruling.  As

21  previously noted, plaintiff has shown ample ability to litigate this action without the assistance of

22  counsel.  While the Court recognizes that there are challenges associated with attempting to litigate

23  an action from the confines of a correctional facility, such challenges are an insufficient reason to

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 2

appoint counsel. The Court notes as well that nothing in the instant motion lends any more clarity to the question of whether plaintiff is likely to succeed on the merits of his case, a question which the Court must be able to answer before appointment of counsel would be appropriate.

For the foregoing reasons, plaintiff's motion for reconsideration must be denied.[1]

(2)      The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 5th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge

---

[1] Plaintiff is advised that denial of his request for counsel at this early stage of the proceedings does not preclude him from making another such request at a more appropriate time.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION - 3