UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DYLAN JAMES DOWNEY, | |
|---|---|
| Plaintiff, | Case No. C17-1024-JCC-MAT |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION TO APPOINT COUNSEL |
| TY TRENARY, *et al.*, | |
| Defendants. | |

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's Motion for Reconsideration to Appoint Counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's Motion for Reconsideration to Appoint Counsel (Dkt. 39) is DENIED. This is the third such motion filed by plaintiff in this action. (*See* Dkts. 16, 33 and 39.) Plaintiff's prior two identically entitled motions were treated as motions for reconsideration of this Court's July 21, 2017 Order denying plaintiff's original application for court-appointed counsel. (*See* Dkts. 6 and 7.) Both of the motions for reconsideration were denied as untimely because neither was filed within fourteen days after the Order to which it related was filed, as is required by LCR

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION TO APPOINT COUNSEL - 1

7(h)(2). (*See* Dkts 18 and 37.) For reasons that are not clear, plaintiff has filed yet another identically entitled motion which, if construed as a motion for reconsideration, as plaintiff apparently intends, is also untimely and must be denied.

Assuming plaintiff intended the instant motion to constitute a new request for appointment of counsel, rather than a request for reconsideration of the denial of his original application for court-appointed counsel, he has still shown no entitlement to relief. As plaintiff acknowledges in the instant motion, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

As the Court previously noted, plaintiff has demonstrated ample ability to articulate his claims *pro se*, and the Court is not satisfied that the claims asserted are so complex that he will be unable to litigate them without the assistance of counsel. As for plaintiff's likelihood of success on the merits of his claims, plaintiff states in his current motion that this case, at the very least, "has minimal potential." Unfortunately, aside from plaintiff's conclusory assertion that he believes his case has some merit, the record is still not sufficiently well developed for this Court to make such a determination. Plaintiff has yet to demonstrate that appointment of counsel is warranted in this matter and, thus, his most recent request for counsel must be denied.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION TO APPOINT COUNSEL - 2

1 | defendants, and to the Honorable John C. Coughenour.

2 | DATED this 20th day of November, 2017.

*signature*

Mary Alice Theiler
United States Magistrate Judge