UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

                Plaintiff,

v.

TY TRENARY, *et al.*,

                Defendants.

Case No. C17-1024-JCC-MAT

ORDER RE: PENDING MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for appointment of counsel, defendants' motion to strike affidavits, plaintiff's motion to compel non-defendant witnesses to produce affidavits, plaintiff's motion to strike and order sanctions for defendants' improper discovery request and certification, plaintiff's motions regarding the sufficiency of defendants' answers and/or objections to plaintiff's requests for admission, and plaintiff's motion for judicial notice of defendant's commission of perjury. The Court, having considered each of these motions, any responses thereto, and the balance of the record, hereby finds and ORDERS as follows:

/ / /

/ / /

ORDER RE: PENDING MOTIONS - 1

(1) Plaintiff's motions for appointment of counsel (Dkts. 41, 50, 92) are DENIED.[1] The currently pending motions for appointment of counsel represent plaintiff's fifth, sixth, and seventh requests that counsel be appointed to represent him in this matter. Plaintiff, in support of these requests, cites to the fact that there are 19 defendants, complex facts and issues of law, challenges in conducting necessary discovery, an upcoming transfer to a different facility, restrictions in law library access, and ongoing medical issues.

As plaintiff acknowledges, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

As the Court previously noted, plaintiff has demonstrated ample ability to articulate his claims *pro se*, and the Court is not satisfied that the claims asserted are so complex that plaintiff will be unable to litigate them without the assistance of counsel. Plaintiff has also conducted extensive discovery in this matter, and has inundated the Court with motions seeking various types of relief. Nothing in the record before this Court demonstrates that plaintiff lacks the ability to

---

[1] In one of his motions for appointment of counsel (Dkt. 50), plaintiff also requests that he be granted an extension of the discovery deadline. However, plaintiff fails to demonstrate in that motion any good cause for an extension of the deadline. The Court notes that plaintiff recently filed another motion for an extension of the discovery deadline (Dkt. 101). The Court will take up the issue of whether an extension is appropriate after defendants have had an opportunity to file a response to that more recent motion.

ORDER RE: PENDING MOTIONS - 2

effectively prosecute this case on his own. To the extent that either medical issues or transfers between facilities interfere with plaintiff's ability to meet specific deadlines, the Court can, upon a showing of good cause, adjust those deadlines to accommodate plaintiff's needs. Plaintiff has yet to demonstrate that appointment of counsel is warranted in this matter and, thus, his most recent requests for counsel must be denied.

(2) Defendants' motion to strike affidavits (Dkt. 49) is GRANTED. Defendants seek to strike as immaterial three affidavits of plaintiff (Dkts. 44, 45, 46), and the declaration of Niko Karanikolas-Jamison (Dkt. 47), because the documents do not relate to any motion pending before the Court, nor do they seek any relief from the Court. A review of the materials in questions reveals that plaintiff's affidavits simply detail his complaints about the Snohomish County Jail (SCJ), and that Mr. Karanikolas-Jamison's declaration is apparently intended to support plaintiff's complaints. However, this sort of testimonial evidence, untethered from any pending motion, is not properly before the Court and must therefore be STRICKEN.

(3) Plaintiff's motion to compel non-defendant witnesses to produce affidavits or similar witness testimony (Dkt. 53) is DENIED. Plaintiff asks the Court to order 12 non-defendant employees of defendant Snohomish County to produce affidavits, or some other form of testimony, regarding specific events detailed in plaintiff's motion. Defendants object to this request noting, among other things, that the request is improper. Defendants maintain that the proper way for plaintiff to obtain information from employees of defendant Snohomish County regarding actions taken or events that occurred within the scope of their employment, is to direct discovery requests to defendant Snohomish County. (Dkt. 59.)

Defendants note that plaintiff has not propounded any discovery requests asking for the testimony of the County employees identified in his motion, nor has plaintiff met and conferred

ORDER RE: PENDING MOTIONS - 3

regarding the testimony. (Dkt. 59 at 2 n.2) Defendants state that if defendant Snohomish County had been properly served with such requests, it would have answered plaintiff's interrogatories on the topics at issue. The Court concurs that plaintiff's motion to compel testimony which has not been the subject of a proper discovery request is improper and must therefore be denied.

(4) Plaintiff's motion to strike improper discovery requests and to order sanctions (Dkt. 54) is DENIED. Plaintiff asserts in his motion that defendant Snohomish County attempted to have its Second Interrogatories and Requests for Production hand delivered to plaintiff, but the discovery requests were not properly verified, nor were they accompanied by proof of service, and were therefore improper. Plaintiff seeks to strike the discovery requests and he also seeks an award of reasonable expenses and fees as a sanction for defendants' violation of Fed. Rule Civ. P. 26(g).

In a subsequent submission, plaintiff acknowledges that approximately a week after the discovery requests were hand delivered to him at the SCJ, he received via legal mail a standalone document which was identified as a "Declaration of Service" relating to the hand delivery of the discovery requests. (*See* Dkt. 66.) Plaintiff explains that the declaration of service he received in the mail was dated January 12, 2018, the date plaintiff acknowledges having received the hand delivery from SCJ Captain Kevin Young, and that the envelope it came in was post-marked January 12, 2018 in Seattle, which apparently seems "peculiar" to plaintiff and suggests to him that Mr. Young and defendants' counsel are guilty of perjury and falsifying documents. (*See id.*)

A review of the discovery requests at issue show that they were properly signed by defendants' counsel. (*See* Dkt. 54-1 at 12.) While plaintiff claims they were not properly verified, he appears to be referencing a page in the discovery request which requires plaintiff's verification, not the verification of a defendant or defendants' counsel. (*See id.* at 7.) To the extent plaintiff complains about improper certification of the service of the discovery requests, plaintiff fails to

ORDER RE: PENDING MOTIONS - 4

establish any impropriety. Plaintiff points to nothing in the Court rules requiring that a certificate of service be served contemporaneously with discovery requests, and plaintiff's own evidence reflects that the certificate of service pertaining to the discovery requests at issue was mailed the same day the requests were hand delivered to plaintiff by Captain Young. Plaintiff establishes absolutely no basis for striking defendants' discovery requests or for the imposition of sanctions.

(5) Plaintiff's motions regarding the sufficiency of the answers and/or objections to his requests for admissions (Dkts. 55, 56, 74) are DENIED.[2] Plaintiff challenges the sufficiency of the answers defendants Daniel Stites, Terry Bloss, and Kimberly Parker provided to his requests for admissions, claiming that defendants are "feigning ignorance, playing games, objecting on frivolous grounds, and attempting to misconstrue wording so as to feign confusion." (*See id.*) Plaintiff asks that these defendants be directed to provide complete denials, or complete admissions to his requests. Defendants argue that plaintiff's requests are not in conformance with the rules as they are vague, confusing, compound, call for legal conclusions, and seek information outside of defendants' knowledge. (Dkts. 83, 88.) Defendants further argue that plaintiff does not make an adequate showing that defendants' objections are improper. (*Id.*) Finally, defendants note that plaintiff has not actually identified the specific shortcomings of defendant Parker's answers and objections, but has merely inserted in his motion a page detailing the shortcomings he identified in Ms. Bloss' answers. (Dkt. 88 at 2.)

Rule 36 of the Federal Rules of Civil Procedure authorizes a party to serve on any other party a written request to admit the truth of any matters within the scope of Fed. R. Civ. P. 26(b)

---

[2] The Court's docket identifies Dkt. 56 as a Certificate of Service pertaining to plaintiff's motion regarding the sufficiency of defendant Stites' responses to plaintiff's requests for admission (Dkt. 55). However, a closer review of the document reveals that it is actually a separate motion challenging the sufficiency of defendant Bloss' responses to plaintiff's requests for admission.

ORDER RE: PENDING MOTIONS - 5

that relate to statements or opinions of fact or of the application of law to fact. *See* Fed. R. Civ. P. 36(a)(1). The purpose of Fed. R. Civ. P. 36(a) "is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial. *Workman v. Chinchinian*, 807 F.Supp. 634, 647 (E.D. Wash. 1992).

> Because the purpose of requests for admission is to narrow the issues of the case,
>
> The requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. . . . To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed.

*Henry v. Champlain Enterprises, Inc*., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (citations omitted). In addition, "[r]equests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citation omitted). A party may not avoid responding to requests for production based on technicalities. *Id*. "When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request." *Id*.

The Court first notes that plaintiff did, in fact, fail to identify any specific shortcomings in defendant Parker's responses to his requests for admission. As defendants correctly point out, plaintiff appears to have copied and pasted a part of the motion directed to defendant Bloss' responses into the motion directed to defendant Parker's responses, rendering plaintiff's argument regarding defendant Parker's responses incomprehensible.

More generally, the Court agrees that plaintiff's requests for admission are, by and large, vague and confusing, and a majority are compound. Thus, plaintiff failed in the first instance to meet his burden of setting forth his requests in a manner such that they could be answered with a

ORDER RE: PENDING MOTIONS - 6

simple admit or deny. Despite the deficiencies in plaintiff's requests, defendants did respond to each request with a specific denial, even though they interposed objections to each request as well.[3] While some of defendants' objections may, arguably, be deemed over-technical, there is no indication that any of their denials of plaintiff's requests for admission were based on an over-technical reading of the requests. Plaintiff fails to establish that defendants' responses to his requests for admissions were improper, and plaintiff's request that defendants be directed to provide complete denials or complete admissions must be denied.

(6) Plaintiff's motion for judicial notice of defendant's commission of perjury during discovery (Dkt. 75) is DENIED. Plaintiff asks that the Court take judicial notice of the fact that defendant Hunstiger committed perjury when he intentionally provided false and misleading answers to some of plaintiff's interrogatories. Plaintiff cites, in particular, to responses wherein defendant Huntsiger states that there is no "SHU" in the Snohomish County Jail, and that he "has not worked in 'SHU' at the Snohomish County Jail." (*See* Dkt. 75 at 2, Ex. B at 6-7.) Plaintiff claims that he has witnessed this defendant working in the SHU numerous times, and that defendant's assertion that there is no such place and that he has never worked there constitutes "outright perjury."

However, the fact that plaintiff disagrees with defendant Huntsiger's answers to his interrogatories does not provide any basis for relief here as this is not the time, nor is plaintiff's motion the appropriate mechanism, to challenge the veracity of a witness's testimony. Such challenges are more appropriately reserved for trial. Moreover, Rule 201 of the Federal Rules of

---

[3] The record reflects that defendant Bloss originally failed to answer one of the three requests for admission directed to her, but this omission was subsequently corrected when defendants became aware of the oversight. (*See* Dkts. 83, 84, 85, 86.)

ORDER RE: PENDING MOTIONS - 7

Evidence provides that a court may only take judicial notice of "a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction" or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The facts at issue here are clearly in dispute and, thus, may not be judicially noticed. *See id.*

(7) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 22nd day of February, 2018.

Mary Alice Theiler
United States Magistrate Judge