UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

                          Plaintiff,

    v.

TY TRENARY, *et al.*,

                          Defendants.

Case No. C17-1024-JCC-MAT

ORDER RE: PLAINTIFF'S MOTIONS TO COMPEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on twelve of plaintiff's pending motions to compel discovery. The Court, having considered plaintiff's motions, defendants' response to those motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motions to compel production of documents (Dkts. 64, 68-73, 79-82) are DENIED. Plaintiff, by way of this series of motions, seeks an order compelling eleven individual defendants to produce documents requested by plaintiff in discovery. While plaintiff identifies in his motions the documents he is seeking, he does not attach to his motions defendants' answers and responses to his discovery requests. Thus, plaintiff's own motions fail to make clear the precise nature of the dispute. Defendants, in their response to plaintiff's motions, help to clarify

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 1

the issue, noting that the individual defendants responded to plaintiff's requests to produce documents by advising that they had no responsive documents in their possession and control. (Dkt. 89 at 6.)

Defendants first argue in their response to plaintiff's motions to compel that the motions fail because plaintiff did not meet and confer, nor did he act in good faith to resolve the discovery disputes, prior to filing his motions to compel as is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*Id*.) Defendants further argue that even if plaintiff did act in good faith to satisfy the requirements of the rules, his motions fail on the merits.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1)(A) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference."

Plaintiff attached to his motions to compel a document entitled, "Certificate of Good Faith Effort to Obtain Discovery." (*See* Dkts. 64, 68-73, 79-82.) Plaintiff states in each of those documents that he has "been making Good Faith attempts" to obtain the discovery he now seeks to compel, though he does not detail in those documents what his efforts consist of. (*See id*.) Defendants assert that plaintiff's actions during discovery do not demonstrate good faith because he attempted to have a meet and confer conference prior to the time any response to his discovery requests was due, he threatened to file motions to compel while defendants were still producing documents, and he failed to help specifically identify discovery issues despite numerous attempts by defendants to clarify plaintiff's requests and issues. (*See* Dkt. 89 at 5.) Defendants also maintain that despite giving plaintiff notice on at least two occasions that he may renew his

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 2

requests for a meet and confer conference, plaintiff did not attempt to schedule a conference call or meeting. (*Id.*)

Defendants submitted in conjunction with their response a series of letters exchanged by the parties regarding discovery issues. (*See* Dkt. 90, Exs. A-L.) The letters exchanged by the parties largely confirm defendants' representations regarding plaintiff's conduct during discovery. The letters also reflect plaintiff's frustration and agitation in navigating a process with which he was unfamiliar, and his sense that his efforts to schedule a telephone conference had been thwarted. (*See id.*) While plaintiff clearly failed to comply with the specific requirements of LCR 37 requiring a telephone or in-person meeting, and did little to assist defendants in clarifying the precise nature of the disputes, the extensive written communications between the parties suggest that a telephone conference would not ultimately have resulted in any resolution of the issues without Court intervention. Thus, though the Court is reluctant to excuse plaintiff's failure to fully comply with the Rule 37 requirements, it will, in this instance, address the merits of plaintiff's motions.

The crux of the dispute is that plaintiff requested official Snohomish County documents from individual defendants who don't actually possess those documents. As defendants explained to plaintiff in a letter dated January 12, 2018, official documents are the property of Snohomish County and not the individual defendants, and the proper defendant to request official documents from is therefore Snohomish County. (Dkt. 90, Ex. I.) According to defendants, plaintiff never served additional requests for production on Snohomish County, despite having been provided an explanation of the proper way to obtain the materials he was seeking, and opted instead to file the instant motions to compel. (*See* Dkt. 90 at 2, ¶ 3.) Plaintiff would have been better served by redirecting his discovery requests to Snohomish County, rather than taking the time to file a

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 3

plethora of motions to compel documents from defendants whom, the record makes clear, do not possess those documents. Plaintiff's motions to compel the production of documents are without merit and must therefore be denied.

(2) Plaintiff's motion to compel the production of photographs (Dkt. 65) is GRANTED in part. Plaintiff seeks to compel defendants Ty Trenary, Snohomish County, and Tony Aston to produce photographs of certain areas of the Snohomish County Jail relevant to the issues raised in plaintiff's amended complaint. Defendants objected to plaintiff's requests to produce the photographs on various grounds, though the primary objections appeared to be that the requested photographs did not exist, that there is no requirement under the federal rules that a party create documents to respond to a discovery request, and that there is no requirement for a party to finance the litigation of another party. (*See* Dkt. 90, Ex. M at 3-4.) Plaintiff indicates in his motion to compel that he believes the requested photos already exist in some form and defendants simply don't want to produce them. (*See* Dkt. 65 at 3.)

Plaintiff provides no evidence to support his suspicion that the requested photographs exist and that defendants are merely withholding them. And, defendants are generally correct that there is no requirement that a party create documents that do not already exist to respond to a discovery request. However, this is a unique circumstance wherein defendants have exclusive access to the areas plaintiff wishes to have photographed. Plaintiff cannot take the photographs himself, and it seems unlikely that even an individual acting on plaintiff's behalf, such as an attorney or an investigator, were either to be appointed, would be permitted to take photographs inside secure areas of the jail facility. For this reason the Court will require defendants to provide at least some of the requested photographs.

With respect to plaintiff's first request for production in which plaintiff asks for

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 4

photographs of the showers in the secured housing unit (SHU), defendants shall provide plaintiff with photos of each shower area within the SHU to the extent such photos have not already been produced. Such photos should include the entrance, walls, floors and fixtures of each shower area. To the extent plaintiff's first request for production calls for speculation as to how the showers were used, or seeks some sort of reenactment of the events alleged in plaintiff's pleading, plaintiff's motion to compel is denied.

With respect to plaintiff's second request for production in which he asks for photographs of the interior and entrances of any cell in the old jail that "might be deemed" to be "ADA compliant" "ADA accessible," or "Disability accommodated," and plaintiff's third request for production in which he asks for photographs of at least one cell from each of the SHU housing units (4N/4S), defendants shall provide plaintiff with photos of any cell in the SHU in which plaintiff was housed between March 7, 2017 and the present. Such photos should include the entrance, walls, floors and fixtures of each such cell. The Court sees no purpose in requiring defendants to produce photographs of cells in which plaintiff was never confined, and plaintiff's motion to compel is therefore denied to the extent his requests encompass such areas.

Finally, with respect to plaintiff's fourth request for production in which he asks for photographs of the visitation area of the SHU, defendants shall provide photos of any SHU visitation area which plaintiff would have had access to, based on his cell assignment(s) in the SHU between March 7, 2017 and the present. Once again, such photos should include the entrance, walls, floors and fixtures of each such area. To the extent plaintiff seeks to compel the production of photographs not specifically described herein, his motion to compel is denied.

(3) The dispositive motion filing deadline is EXTENDED to *April 13, 2018*. The current dispositive motion filing deadline is March 13, 2018. However, there are discovery issues

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 5

which still need to be addressed, including a motion to extend the discovery deadline that is not yet ripe for consideration, and the parties should not be required to file any anticipated dispositive motions while these issues remain outstanding. This extension does NOT constitute an extension of the discovery deadline, nor does it preclude any party from filing a dispositive motion prior to the newly established deadline.

(4) The Clerk is directed to send a copy of this Order to plaintiff, to counsel for defendants and to the Honorable John C. Coughenour.

DATED this 27th day of February, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
MOTIONS TO COMPEL - 6