UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLAN JAMES DOWNEY, <br><br> Plaintiff, <br><br> v. <br><br> TY TRENARY, *et al.*, <br><br> Defendants. | Case No. C17-1024-JCC-MAT <br><br> ORDER ON PLAINTIFF'S MOTIONS RE: DISCOVERY AND SUMMARY JUDGMENT |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time for consideration of ten pending motions filed by plaintiff Dylan Downey. The pending motions include two motions challenging the sufficiency of defendants' answers and/or objections to plaintiff's requests for admission (Dkts. 94, 95), four motions to compel the production of documents (Dkts. 96, 97, 98, 99), a motion to extend the discovery deadline (Dkt. 101), a motion for clarification of the Court's prior Order compelling defendants to produce photographs (Dkt. 110), a motion for extension of time to respond to defendants' summary judgment motion (Dkt. 134), and a motion for leave to file an over-length brief in opposition to summary judgment (Dkt. 136).

The Court, having considered each of these motions, defendants' responses to the pending

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 1

motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motions challenging the sufficiency of defendants' answers and/or objections to his requests for admission (Dkts. 94, 95) are DENIED. Plaintiff, by way of these motions, challenges the sufficiency of the answers defendants John Hatchell and Tony Aston provided to his requests for admission, claiming that defendants are feigning ignorance, being evasive, objecting on frivolous grounds, and intentionally misconstruing the wording of the requests "so as to feign confusion." (*See id.*) Plaintiff asks that defendants Hatchell and Aston be directed to provide complete denials, or complete admissions to his requests.[1] (*Id.*) Defendants oppose plaintiff's motions, arguing that plaintiff's requests for admission are defective, that his requests for complete denials or admissions are not supported by the rules, and that their objections to the requests are well grounded. (*See* Dkts. 104, 105.)

Rule 36 of the Federal Rules of Civil Procedure authorizes a party to serve on any other party a written request to admit the truth of any matters within the scope of Fed. R. Civ. P. 26(b) that relate to statements or opinions of fact or of the application of law to fact. *See* Fed. R. Civ. P. 36(a)(1). Rule 36 is not a discovery device; *i.e.*, a device to discover facts. *See Workman v. Chinchinian*, 807 F.Supp. 634, 648 (E.D. Wash. 1992). Rather, the purpose of Rule 36(a) "is to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial." *Id.* at 647.

Because the purpose of requests for admission is to narrow the issues of the case,

> The requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification. . . . To facilitate clear

---

[1] The Court previously considered, and rejected, three similar motions filed by plaintiff challenging the responses of other defendants. (*See* Dkts. 55, 56, 74, 102.)

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 2

and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed.

*Henry v. Champlain Enterprises, Inc*., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (citations omitted).

"Requests for admission may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements. *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) (citation omitted). In addition, requests for admission many not be employed "to establish facts which are obviously in dispute," or to demand that the opposing party admit the truth of a legal conclusion. *See Lakehead Pipe Line Co. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D.Minn.1997) (citations omitted).

Defendant Hatchell objected to each of the requests for admission directed to him on the grounds that they were vague and ambiguous. (*See* Dkt. 94 at 8-10.) Defendant also objected to various requests on the grounds that they called for legal conclusions and sought information outside of his knowledge. (*See id.*) Defendant Hatchell's objections are well taken as plaintiff consistently failed to define relevant terms in his requests for admission, and most of the requests called for legal conclusions. Despite these deficiencies, defendant Hatchell, without waiving his various objections, did respond to each request with a specific denial. (*See id*.) Plaintiff fails to establish that defendant Hatchell's responses and/or objections to his requests for admission were improper, and plaintiff's request that defendant Hatchell be directed to provide complete denials or complete admissions must be denied.

Defendant Aston responded to each of plaintiff's requests for admission by indicating that he could "neither admit nor deny the statement in [the] request for admission . . . because it does not present a fact that can be admitted or denied. Instead the request seeks information which is not appropriate for a request for admission." (*See* Dkt. 95 at 14-16.) Defendant Aston further

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 3

1 objected on the grounds that the requests were vague and confusing, and that they called for legal conclusions. (*See id.*) Once again, defendant's objections are well taken. In particular, it appears clear that plaintiff was attempting to use the requests directed to defendant Aston to seek information and not to narrow the issues of the case. (*See id.*) The requests were also unquestionably confusing and not susceptible of simple admissions or denials. Plaintiff fails to establish that defendant Aston's objections to his requests for admission were improper, and plaintiff's request that defendant Aston be directed to provide complete denials or complete admissions must be denied.

(2) Plaintiff's motions to compel production of documents (Dkts. 96, 97, 98, 99) are DENIED. Plaintiff seeks an order compelling defendants Hatchell, Huntsinger, Dilley and Dizon to produce certain requested documents. These motions are substantially similar to a series of prior motions to compel which were denied by the Court. (*See* Dkts. 64, 68-73, 79-82, 108.) Though these motions lack the same clarity as plaintiff's first series of motions to compel, the record makes clear that once again at issue are official Snohomish County documents which plaintiff requested from individual defendants and which the individual defendants indicated they could not produce because they had no responsive documents in their possession or control. (*See* Dkts. 106, 108.)

Defendants argue in response to plaintiff's current motions to compel, as they did in response to plaintiff's first series of motions, that the motions fail because plaintiff did not meet and confer, nor did he make a good faith effort to resolve the discovery disputes, prior to filing the motions as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Dkts. 106, 108.) Defendants also argue that even if plaintiff did act in good faith and satisfy the procedural requirements set forth in Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1), his motions

fail on the merits. (*Id.*)

The Court addressed all of these arguments in ruling on plaintiff's first series of motions to compel and determined, albeit reluctantly, that though plaintiff had failed to fully comply with the procedural requirements before filing his motions, it was nevertheless appropriate to reach the merits of the motions. (*See* Dkt. 108 at 2-3.) And, with respect to the merits of the motions, the Court concluded that because plaintiff had directed his requests for production to defendants who did not possess the requested documents, his motions were without merit. (*See id*. at 3-4.) The same reasoning applies here.

While it once again appears that plaintiff failed to fully comply with the Rule 37 requirements before filing his motions, it also appears likely that full compliance with the rules would not have resulted in any resolution of the issues without court intervention. As to the merits of plaintiff's motions, the Court notes once again that defendants explained to plaintiff while discovery was ongoing that official documents are the property of Snohomish County and not the individual defendants, and that the proper defendant to request official documents from was therefore Snohomish County. (*See* Dkt. 90, Ex. I.) Rather than re-direct his requests for production of documents to the proper party, plaintiff spent his time and resources filing motions to compel those documents from the wrong parties. As plaintiff makes no showing that the individual defendants from whom he requested documents actually possess and control the documents he seeks to compel, the four motions now before the Court, like the eleven motions which preceded them, must be denied.

(3) Plaintiff's motion for an extension of the discovery deadline (Dkt. 101) is DENIED. Plaintiff requests in his motion that he be granted a five month extension of the discovery deadline. Plaintiff argues generally that additional time is necessary because there are numerous defendants

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 5

and claims, he is unfamiliar with the discovery process, and defendants have not met their discovery obligations. Plaintiff also maintains that his pending departure from the Snohomish County Jail will deprive him of access to his legal files.

While it is certainly true that this case involve numerous defendants and claims, as defendants correctly point out in their opposition to this motion, plaintiff is the master of his own complaint and controlled both the content of his pleading and the timing of the filing of this action. (*See* Dkt. 107 at 1-2.) The record reveals that plaintiff's original complaint in this matter identified only six defendants and stated a relatively manageable number of legal claims. (*See* Dkt. 5.) Plaintiff thereafter chose to considerably expand this action to include seventeen defendants and a substantially increased number of legal claims. (*See* Dkt. 19.) In so doing, plaintiff accepted the responsibility of managing a more procedurally complex case. That plaintiff has struggled to do so does not, by itself, demonstrate good cause for the requested extension.

Plaintiff's suggestion that defendants' conduct during discovery entitles him to an extension is not supported by the record. While plaintiff assigns responsibility to defendants for his inability to obtain desired information and documents, the record suggests that it is plaintiff's own conduct during discovery which has been the stumbling block. The record indicates that plaintiff embarked on discovery soon after the Court issued its Order establishing pretrial deadlines. However, he was consistently derailed by his suspicions that defendants were not acting in good faith, despite a lack of any evidence to support those suspicions, and by his inability to clearly communicate to defendants his specific concerns regarding specific discovery issues. When defendants responded to plaintiff's discovery requests with objections rather than requested information, plaintiff spent his time filing largely frivolous discovery motions. And, when defendants attempted to explain how certain discovery requests were deficient, plaintiff ignored

their guidance and filed yet more unnecessary motions rather than refining his requests in order to obtain desired documents. Plaintiff makes absolutely no credible showing that defendants impeded his ability to obtain discovery.[2]

Finally, the Court notes that defendants' motion for summary judgment is now pending. Plaintiff has filed a lengthy response to that motion together with over 300 pages of exhibits. Aside from some photographs which plaintiff claims he is entitled to and have yet to be produced, plaintiff has identified no additional discovery necessary to respond to defendants' motion. In sum, plaintiff has not shown good cause for an extension of the discovery deadline and, thus, his motion is denied.

(4) Plaintiff's motion for clarification of the Court's Order compelling defendants to produce photographs (Dkt. 110) is GRANTED in part. On February 27, 2018, this Court granted in part plaintiff's motion to compel defendants Ty Trenary, Snohomish County, and Tony Aston to produce photographs of certain areas of the Snohomish County Jail relevant to issues raised in plaintiff's amended complaint. (*See* Dkt. 108 at 4-5.) The Court specifically Ordered defendants to provide plaintiff with photographs of the following: (1) each shower area within the secured housing unit (SHU); (2) any cell in the SHU in which plaintiff was housed between March 7, 2017 and the present; and, (3) any SHU visitation area which plaintiff would have had access to based on his cell assignment(s) in the SHU between March 7, 2017 and the present. Defendants were instructed to provide photos of the entrance, walls, floors and fixtures for each of these areas, but

---

[2] To the extent plaintiff claims that a lack of access to his legal files constitutes good cause for the requested extension, his argument is frivolous. The record makes clear that plaintiff was confined at the Snohomish County Jail through the expiration of the discovery period on February 13, 2018. Plaintiff indicated in his motion for extension of time that he expected to depart the Snohomish County Jail on February 6, 2018. However, plaintiff signed the motion on February 13, 2018 and mailed it from the Snohomish County Jail. (*See* Dkt. 101 at 3-5.) Plaintiff makes no showing that he lacked any necessary access to his legal files during the discovery period.

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 7

only to the extent such photos had not already been produced.

Plaintiff asserts in the instant motion that language in the Court's Order "leaves room for error," and he identifies three areas which he believes require clarification. Plaintiff first asks that the Court clarify that defendants are to produce photographs of both segregation area showers as plaintiff had, at the time he drafted his motion, received only a few photographs of a single shower area. Defendants argue that this request is moot since the requested photographs have, in fact, been provided.[3] (Dkt. 137 at 2.) Plaintiff makes no showing to the contrary and his motion is therefore denied in this respect.

Plaintiff next asks that defendants be required to produce photographs of *all* cells in which he was actually housed in the SHU. Defendants object to this portion of plaintiff's motion on the grounds that plaintiff never requested photographs of all cells in his original request for production, and that he is now improperly attempting to modify his request. (Dkt. 137 at 2.) Defendants further argue that plaintiff's request should be denied because he did not argue in his motion to compel that he was requesting photographs of all cells, and because the photographs are not relevant. (*Id*. at 2-3.) While defendants are correct that plaintiff did not request photographs of all cells in his original discovery request, or argue this point in his motion to compel, this Court, in its Order granting plaintiff's motion to compel, specifically directed defendants to "provide plaintiff with photos of any cell in the SHU in which plaintiff was housed between March 7, 2017 and the present." (Dkt. 108 at 5.) Whether or not defendants believe the photographs to be relevant at this juncture, the Court expects defendants to comply with its previous directive.

---

[3] Though defendants mailed the additional photographs to plaintiff on March 6, 2018, they were returned on March 12, 2018 because plaintiff had by then been transferred into Washington Department of Corrections custody and the mail was not forwarded. Defendants mailed a second set of photographs to plaintiff on March 26, 2018. (*See* Dkt. 137 at 2 n.2.)

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 8

Finally, plaintiff asks that defendants be required to provide photographs of the stairway and tier leading to where the visitation area is located. Plaintiff contends that these areas constitute a part of the "entrance" to the visitation area which defendants were previously directed to produce. Plaintiff also asks for a "declaration from defendants that plaintiff was/is not able to have had access to the visitation area(s) of the SHU due to the fact that they are UPSTAIRS ONLY . . . ." The Court agrees that, under the circumstances described by plaintiff, it is reasonable to construe the stairway and the tier leading to the visitation area as part of the "entrance" and will require defendants to provide a photograph, or photographs, showing that area. Plaintiff's request for a declaration from defendants is improper and outside the scope of the prior Order which plaintiff is seeking to clarify. That request is therefore denied.

Based on the foregoing, defendants are directed to produce photographs of the cells in which plaintiff was confined in the SHU, and of the stairway and tier leading to the SHU visitation area, not later than *April 25, 2018*. Because plaintiff is still awaiting this limited discovery, the Court will defer resolution of defendants' summary judgment motion and grant plaintiff an opportunity to supplement his response to defendants' motion once he receives the photographs. Accordingly, plaintiff is directed to supplement his response, should he desire to do so, not later than *May 7, 2018*. Any such response shall be limited to issues concerning the yet to be produced photographs and shall not exceed five pages. Defendants may supplement their reply not later than *May 11, 2018*, and their motion for summary judgment (Dkt. 112) is RE-NOTED for consideration on that date.

(5) Plaintiff's motion for an extension of time to respond to defendants' summary judgment motion (Dkt. 134) is STRICKEN. Plaintiff filed his response to defendants' motion on March 27, 2018, almost a week before it was due. Plaintiff's motion for additional time is therefore

moot.

(6) Plaintiff's motion to file an over-length brief in opposition to summary judgment (Dkt. 136) is GRANTED. Plaintiff asks that he be allowed up to additional ten pages beyond the twenty-four page limit provided for in the rules for his opposition brief. Plaintiff's request is not unreasonable, particularly in light of the fact that defendants were granted excess pages for their summary judgment motion. Plaintiff's responsive brief, which was thirty-one pages long, not including exhibits, has been accepted for filing.

(7) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable John C. Coughenour.

DATED this 11th day of April, 2018.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTIONS RE:
DISCOVERY AND SUMMARY JUDGMENT - 10