THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DYLAN JAMES DOWNEY,

Plaintiff,

v.

SNOHOMISH COUNTY SHERIFF'S OFFICE, *et al.*,

Defendants.

CASE NO. C17-1024-JCC

ORDER

This matter comes before the Court on Plaintiff's objections (Dkt. No. 149) to the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler (Dkt. No. 147). Having thoroughly considered the R&R, Plaintiff's objections, and the balance of the record, the Court hereby ADOPTS the R&R for the reasons explained below.

A district court must conduct a *de novo* review of those portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). In contrast, general objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017). Because this Court's consideration of such "objections" would entail *de novo* review of the entire

report, rendering the referral to the magistrate judge useless, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *See Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

Plaintiff is a state prisoner previously confined in the Snohomish County Jail. He filed an amended complaint alleging violations of Title II of the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act ("RA"). He also brought causes of action arising under 42 U.S.C. sections 1983, 1985 and 1986. (Dkt. No. 19.) His claims relate to various housing assignments within the jail and to the violation of a "keep separate" order involving a fellow inmate. (*See generally id.*) Defendants moved for summary judgment on all claims. (Dkt. No. 112.)

Judge Theiler recommends that the Court grant summary judgment to Defendants because Plaintiff does not specifically assert any RA claims, he fails to establish the deliberate indifference required for his ADA discrimination claims, his ADA retaliation claim was mooted by his transfer from Snohomish County to the Washington Department of Corrections, and his claims brought pursuant to sections 1983, 1985 and 1986 are either duplicative of his ADA claims or fail to demonstrate the violation of a constitutional right. (Dkt. No. 147 at 9–25.)

Plaintiff filed objections to Judge Theiler's R&R (Dkt. No. 149). Plaintiff fails to point to specific legal error, either in Judge Theiler's consideration of the evidence or in her application of the law. (*Id*. at 1–4.) Therefore, the Court finds that Plaintiff's objections are insufficient to trigger *de novo* review of Judge Theiler's R&R.

The Court, hereby ORDERS as follows:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 147).

(2) Defendants' motion for summary judgment (Dkt. No. 112) is GRANTED.

(3) This action is DISMISSED with prejudice.

(4) The Clerk is respectfully DIRECTED to send copies of this order to Plaintiff and to Judge Theiler.

DATED this 13th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE